

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

JUAN C. RODRIGUEZ (R-19813), )
)
        Plaintiff, )
)    Case No. 15 C 5001
v. )
)    Judge Charles R. Norgle, Sr.
)
THOMAS J. DART, et al., )
)
        Defendants. )

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $42.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Court directs the clerk of the court to: (1) file Plaintiff's Complaint [1]; (2) dismiss Thomas J. Dart, Supt Arce, #1 Nurse and #1 Doctor as Defendants; (3) correct the docket to reflect Correctional Officer Holstrom as the lead Defendant; (4) send a copy of this Order to the Trust Fund Officer at East Moline Correctional Center; (5) issue summonses for service on Defendants; and (6) send Plaintiff a magistrate judge consent form, filing instructions, and a copy of this order. The U.S. Marshal is appointed to serve the Defendants, using the USM-285 forms already on the docket. Plaintiff's motion for attorney representation [4] is denied without prejudice.

## STATEMENT

Plaintiff Juan C. Rodriguez, an inmate currently in the custody of the Illinois Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding events that occurred while he was previously in the custody of the Cook County Jail. Plaintiff alleges that he told multiple jail officials that he was in danger, apparently from his roommate, and needed to be placed in protective custody. [1] Plaintiff, however, was not placed in protective custody for days, and he was beaten severely, requiring medical treatment. Plaintiff then received medical treatment with which he was dissatisfied. Currently before the Court are Plaintiff's application to proceed *in forma pauperis* [3], his complaint [1] for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation [4].

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $42.00 to the clerk of this court as payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or

more, until the $350 filing fee is paid in full. The Court directs the clerk of court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. § 1915A(a), the Court is required to screen pro se prisoners' Section 1983 complaints and dismiss lawsuits brought *in forma pauperis* if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims under Section 1915A in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love* , 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Also, it is well-established that courts construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's factual allegations as true, Plaintiff arguably states a colorable federal cause of action for failure to protect Plaintiff from attacks from other detainees. "Jail officials have a duty to protect inmates from violent assaults by other inmates." *Rice ex rel. Rice v. Corr. Med. Serv.,* 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1988)); *see also Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008) (stating that jail officials have duty to protect pretrial detainees from violence by other detainees). Jail officials "incur liability for the breach of that duty when they were 'aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Rice,* 675 F.3d at 669 (citing *Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007)). Plaintiff alleges that, on September 26, 2014, he told Defendants Holstrom, Jordan, Parasis, Campous, and Jones that his life was in danger and that he was receiving threats from inmates and his roommate, but it was days before he was reassigned to protective custody. In the meantime, Plaintiff alleges, he was beaten "throughout" his body, causing injury and requiring medical

treatment. While the record may belie Plaintiff's allegations, Plaintiff may proceed on his failure-to-protect claim against Defendants Holstrom, Jordan, Parasis, Campous, and Jones. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

Plaintiff, however, has not stated claims against the remaining defendants. First, Plaintiff has not stated claims against Sheriff Thomas J. Dart or Superintendent Arce. Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff has not alleged any personal involvement by Defendants Dart and Arce in the alleged constitutional violation, and they are dismissed.

Second, Plaintiff complains about the medical care he received after he was beaten by other inmates. Plaintiff alleges, however, that he saw a nurse at the jail, and even was referred to a doctor at Cermak Health Care for treatment for his injuries. Plaintiff's complaint seems to be that he did not receive x-rays, but, in and of itself, a professional's decision not to order an x-ray generally will not state a federal claim. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). There is no indication that the lack of an x-ray itself harmed Plaintiff, or that the failure to order an x-ray would indicate that any medical defendant was deliberately indifferent to a serious medical need of Plaintiff. Defendants #1 Nurse and #1 Doctor are dismissed.

The U.S. Marshals Service is appointed to serve Defendants, using the USM-285 forms for Defendants Holstrom, Jordan, Parasis, Campous, and Jones that appear in the docket. The Court directs the U.S. Marshal to make all reasonable efforts to serve these Defendants. With respect to any former employee of the Cook County Jail who can no longer be found at the work address provided by Plaintiff, Cook County Jail officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of this court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendants or to defense counsel if an attorney has entered an appearance on behalf of Defendants. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion seeking attorney representation is denied at this time. Although there "is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the district court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his/her own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself/herself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his/her ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (tenth grade education and blind required counsel); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (fifth grade education, low IQ and functionally illiterate required counsel); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. As an initial matter, Plaintiff has not identified any efforts he may have taken to contact counsel on his own or why he did not do so. Some of the remaining factors, such as Plaintiff's grammar school education, the fact that English is not his primary language, and that he has been transferred from Cook County Jail to an Illinois Department of Corrections facility, weigh in favor of the appointment of counsel. The Court, however, finds that counsel should not be appointed at this time. The lawsuit is still in its earliest stages. Plaintiff's submissions are sufficiently articulate and understandable to put Defendants on notice of his claims, and Plaintiff already has submitted the documentation required for summonses to issue, showing an understanding of the rules and procedures related to this lawsuit. As Plaintiff has explained the underlying events, they are relatively straightforward and appear to have spanned only a few days. Medical issues may become important to the case, but that is as yet unclear. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit Plaintiff's request.

Date: 7-1-15     /s/ *Charles Norgle*